■ Eli Jemal, Respondent, v ZTI Corp., Appellant. [41 NYS3d 24]—

Order, Supreme Court, New York County (Robert D. Kalish, J.), entered June 11, 2015, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

Summary judgment is precluded by issues of fact as to whether the parties' brokerage agreement, which was executed with respect to a lease to be entered into by defendant, applies to a second lease executed by defendant. The brokerage agreement named the tenant with which the lease was to be entered, described the premises, stated the lease term, inter alia, and further provided, "Should a sale of *this property* occur in place of *this Lease* to this Tenant the same amount of commission shall be Earned . . . $125,000.00 . . . The Broker shall receive *only One Full Commission* from the Landlord" (emphasis added).

The lease referred to in the brokerage agreement was executed on March 31, 2004, for a portion of certain property owned by defendant, with a 99-year term and an initial rent of $25,466.67 per month, and gave the tenant a right of first refusal to purchase the entire property. In 2005, defendant entered into a second lease with the same tenant, for the entire property, with a 10-year term, and rent of $39,583.33 per month.

In light of the differences in the leases' terms, demised premises, and amounts of rent, and the fact that the second lease did not refer to the existence of the first, we cannot conclude as a matter of law, as defendant urges, that the second lease was a mere modification of the first and therefore that the written brokerage agreement's limitation on the commission to be earned by plaintiff applies to plaintiff's efforts in connection with the 2005 lease.

The record also presents an issue of fact as to whether the parties entered into a separate oral brokerage agreement for the sale of the entire property. Plaintiff's January and February 2005 letters to defendant's president and a letter from defendant's attorney support the existence of such an agreement. As plaintiff is a licensed real estate broker, an oral agreement would be enforceable and would not violate the statute of frauds (*see* General Obligations Law § 5-701 [a] [1], [10]; *Sholom & Zuckerbrot Realty Corp. v Citibank*, 205 AD2d 336, 338 [1st Dept 1994]).

We have considered defendant's remaining arguments and find them unavailing. Concur—Tom, J.P., Sweeny, Richter, Manzanet-Daniels and Webber, JJ.